[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO VACATE
On July 9, 1997, the pro-se defendant, Pat Labbadia, III, filed a motion to strike each and every count of the plaintiff's complaint, along with an accompanying memorandum of law. The plaintiff objected to the motion to strike and submitted his own memorandum of law. Argument was held before the Honorable Thomas V. O'Keefe, Jr. on April 6, 1998.
Judge O'Keefe issued a memorandum of decision dated August 12, 1998, striking count five but denying the rest of the motion to strike. Notice of the decision was sent to all parties on August 17, 1998. On August 24, 1998, Labbadia filed the instant motion to vacate, based on his claim that more than 120 days had elapsed since the case was argued and submitted to the court for CT Page 11494 decision.
Practice Book § 11-19 provides that judges deciding short calendar matters shall issue their decisions not later than 120 days from the date that matters are submitted to them for decision. In most cases, this is the date of oral argument, but it may be the date the last brief ordered by the court is filed, whichever occurs later. The Practice Book specifically states that "if a decision is not rendered within this period the matter may be claimed in accordance with subsection (b) for assignment to another judge or referee."
Subsection (b) of Practice Book Sec. 11-19 provides:
 A party seeking to invoke the provisions of this section shall not later than fourteen days after the expiration of the 120 day period file with the clerk a motion for reassignment of the undecided short calendar matter which shall set forth the date of submission of the short calendar matter, the name of the judge or referee to whom it was submitted, that a timely decision on the matter has not been rendered, and whether or not oral argument is requested or testimony is required. The failure of a party to file a timely motion for reassignment shall be deemed a waiver by that party of the 120 day time.
The principal purpose of this Practice Book provision is plainly to encourage judges to render timely decisions. Another purpose is provide a vehicle for a reassignment of a case to another judge if a timely decision has not been forthcoming. It is not, however, a purpose of this provision to permit a party who does not like a decision once it has been rendered to use the "120 day rule" as an excuse to set that decision aside.
Here, the 120 day period ended on August 4. At no time during the 14 days which followed did the defendant move for reassignment. It was not until he received notice of the court's decision adverse to him that he sought to derive some benefit from the rule. Moreover, even if the "motion to vacate" could be considered the functional equivalent of a motion for reassignment pursuant to the Practice Book, it comes too late. The motion itself is dated August 19, 1998, or 15 days past the expiration of the 120 day period, and it was, in any event, not filed in this court until August 24, 1998, 20 days after the 120 day period had run and six days after the window of opportunity for CT Page 11495 motions for reassignment had been closed. The opportunity to seek reassignment is therefore deemed to have been waived.
For all these reasons, the motion to vacate is denied.
Jonathan E. Silbert, Judge